MODESTO RIVERA RAMOS, ETC., ET AL., peticionarios, *v.* HON. LUIS NEGRÓN FERNÁNDEZ, ETC., ET AL., demandados.

*Número*: O-68-211     *Resuelto*: 27 de agosto de 1968

Ángel Roberto Díaz, abogado de los peticionarios.

### RESOLUCIÓN

Por considerar que la actuación del Juez Presidente en la apelación de las decisiones del Superintendente General de Elecciones bajo las disposiciones del procedimiento especial establecido en la Sec. 13d de la Ley Elec-

toral, 16 L.P.R.A. sec. 19, no es una de naturaleza judicial [1] y, por ende, no es revisable por los tribunales, [2] en ausencia de autorización legislativa expresa, a la anterior solicitud, no ha lugar.

Lo acordó el Tribunal y firma el Señor Juez Presidente, quien al igual que el Juez Asociado Señor Ramírez Bages, no intervino.

Los Jueces Asociados Señores Hernández Matos y Santana Becerra están conformes en que se declare "no ha lugar" a la solicitud pero no están conformes con las demás expresiones de la Resolución del Tribunal por los fundamentos que exponen en voto separado. Los Jueces Asociados Señores Pérez Pimentel, Blanco Lugo, Rigau, Dávila y Torres Rigual emitieron también un voto explicativo.

(Fdo.) Luis Negrón Fernández

*Juez Presidente*

Certifico:

(Fdo.) Mercedes L. Somohano

*Secretaria Interina*

---

[1] Mediante resolución unánime de fecha 11 de febrero de 1966, en la consideración del informe rendido por el Comité de Estudio y Evaluación del Sistema Judicial, este Tribunal adoptó el siguiente acuerdo:

"Debido a que la participación del Juez Presidente en la revisión de acuerdos y decisiones de las juntas locales de elecciones y del Superintendente de Elecciones (sec. 13 de la Ley Electoral, 16 *L.P.R.A.* 19) *es ajena a la función judicial,* se solicita de la Asamblea Legislativa que mediante la legislación necesaria elimine dicha participación."

[2] Véase el texto de la Sec. 13d, incorporada por la Ley Núm. 8 de 4 de diciembre de 1947 (Leyes, pág. 311), que confería originalmente esta función al Gobernador, y la Sec. 12, según enmendada por la Ley Núm. 48 de 31 de julio de 1947 (Leyes, pág. 215); cf. Art. 3 de la Ley Núm. 1 de 23 de diciembre de 1966, 16 L.P.R.A. sec. 846 y véase, además la Sec. 102 de la Ley Electoral, 16 L.P.R.A. sec. 293, que hace referencia a la intervención del Tribunal Supremo en incidentes originados en el proceso electoral.

—O—

Voto de los Jueces Asociados Señores Hernández Matos y Santana Becerra

San Juan, Puerto Rico, a 27 de agosto de 1968

Los Jueces Asociados Señores Hernández Matos y Santana Becerra limitan sus votos a "no ha lugar" a la solicitud, y no suscriben la conclusión de la mayoría sobre la naturaleza de la función del Juez Presidente en casos de esta índole por las razones siguientes: (1) porque no teniendo el Tribunal jurisdicción sobre la materia, no procede pronunciamiento otro alguno que no sea el así declararlo; (2) porque tal conclusión no es necesaria para resolver la cuestión jurisdiccional y parte de una premisa errónea en derecho—la de que la Ley Electoral no da revisión porque se trata de una acción no judicial—ya que cualquiera que fuese la naturaleza de la función del Juez Presidente, no se altera el hecho que la ley no hizo revisable su dictamen; su actuación no es revisable en ley; (3) porque la conclusión y el pronunciamiento sobre la naturaleza de la función del Juez Presidente de que no es una judicial, se hace sin haberse oído a las partes demandadas, y apartándose del orden constitucional normal que requiere el debido procedimiento de ser oído; (4) porque además, se aparta de la tradición judicial celosamente guardada por el Tribunal, de no hacer fallos y pronunciamientos meramente académicos o de tipo deliberativo, ni de anticipar criterio judicial; (5) porque aun cuando dicho pronunciamiento anticipado carece de efecto en ley y no produce consecuencias por no haber jurisdicción sobre la materia, puede dar lugar, sin embargo, a crear un estado de confusión en la comunidad sobre este asunto de hondo interés público, de por sí ya tan debatido en los organismos gubernamentales y en la opinión pública.

Finalmente, deseamos aclarar que la Resolución de 11 de febrero de 1966, aludida en el escolio (2) de esta resolu-

ción, no es jurisprudencia del Tribunal ni constituye un fallo judicial resolviendo una controversia de derecho con todos los elementos de juicio necesarios. Fue una mera expresión de carácter funcional. Es un hecho elocuente, sin embargo, que en 11 de febrero de 1966 y posteriormente desde entonces, la Asamblea Legislativa se ha reunido y ha legislado sobre materia electoral, y hasta el presente no ha alterado la función de los jueces ni la del Juez Presidente en esa materia.

La resolución de 11 de febrero de 1966 no es un precedente judicial. Por el contrario, el precedente judicial establecido, respetado por la Asamblea Legislativa por más de 16 años, es el pronunciamiento del Juez Presidente Señor Todd, Jr., emitido el 23 de junio de 1952, en el recurso de apelación Núm. 1, traído ante él como Juez Presidente bajo las disposiciones de la propia Sec. 13d de la Ley Electoral, pronunciamiento que en lo pertinente dice así:

"Antes de proceder deseo hacer constar que asumo jurisdicción para resolver este caso, bajo la teoría de que la apelación que establece la Sección 13d, supra, para ante el Juez Presidente del Tribunal Supremo, es una de carácter judicial y no administrativo. De considerarse que fuera una apelación de carácter administrativo, como lo era antes de enmendarse la Ley, cuando la apelación se establecía para ante el Gobernador de Puerto Rico—véase la Sección 12, párrafo 4, Ley Electoral, según enmendada por la Ley núm. 48 aprobada en 31 de julio de 1947—carecería de facultad la Asamblea Legislativa para imponer tal función a un juez. *Banco Popular, Liquidador,* v. *Corte,* 63 D.P.R. 66, en el cual, después de amplia discusión sobre la separación de poderes en nuestra forma de gobierno, dijimos a la pág. 76: '. . . Desde los comienzos de nuestra historia, se ha seguido el principio de que el Ejecutivo o la Legislatura no tienen poder inherente para asignar al poder judicial funciones administrativas, excepto cuando son razonablemente incidentales en el desempeño de sus deberes judiciales. . . .' "

El anterior pronunciamiento del entonces Juez Presidente Señor Todd, Jr., fue reiterado y seguido por el actual Juez Presidente Señor Negrón Fernández en los procedimientos

ante él en este caso, según su resolución de 19 de julio de 1968, procedimientos en que la propia Junta Estatal de Elecciones representada por el Procurador General invocó la aplicación de las normas que rigen la revisión judicial de dictámenes administrativos.

—O—

VOTO EXPLICATIVO

San Juan, Puerto Rico, a 27 de agosto de 1968

Con vista del voto explicativo de los Jueces Asociados Señores Hernández Matos y Santana Becerra, los Jueces Asociados Señores Pérez Pimentel, Blanco Lugo, Rigau, Dávila y Torres Rigual hacen constar que aun cuando las actuaciones del Juez Presidente en la apelación de las decisiones del Superintendente General de Elecciones bajo las disposiciones de la Sec. 13d de la Ley Electoral no son *directamente* revisables por los tribunales, ello no implica que una parte realmente interesada esté desprovista de remedio y que le esté vedado acudir al foro judicial, *mediante los procedimientos adecuados,* en aquellos casos en que exista una controversia justiciable originada en o derivada de tales actuaciones.